Edison Balinagas AVERILLA,
Petitioner,

v.

Patricia SCHMIDT, Respondent.

No. 03–17042.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 16, 2004.

Edison Balinagas Averilla, Florence, AZ,
pro se.

Cynthia M. Parsons, US Attorney's Office, Phoenix, AZ, for Respondent.

Before: GOODWIN, WALLACE, and
TROTT, Circuit Judges.

MEMORANDUM [**]

Edison Balinagas Averilla appeals the
district court's denial of his petition for a
writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. We review
de novo, *Ferreira v. Ashcroft*, 382 F.3d
1045, 1049 (9th Cir.2004), and we affirm.

The district court properly determined
that Averilla was convicted of an aggravated felony because, under Cal. Health &
Safety Code § 11351.5, possession of cocaine base for sale involves a trafficking
element. *See Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir.2004)
(holding that a state drug offense is an
aggravated felony for immigration purposes only if it would be punishable as a
felony under federal drug laws or if the
crime contains a trafficking element.); *cf.
Ferreira*, 382 F.3d at 1050 (indicating that
a conviction for simple possession of a
controlled substance under Cal. Health &
Safety Code § 11377 did not contain a
trafficking element).

The district court properly concluded
that Averilla's due process rights were not
violated given that Averilla received a
bond hearing after he was detained, even
though he was not entitled to one *See
Demore v. Kim*, 538 U.S. 510, 527–30, 123
S.Ct. 1708, 155 L.Ed.2d 724 (2003).

All pending motions are denied.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.