**UNITED STATES Of America, Plaintiff—Appellee,**

v.

**Jose Antonio VASQUEZ–VILLA-NUEVA, Defendant—Appellant.**

No. 05–50238.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

As Amended on Denial of Rehearing and Rehearing En Banc March 10, 2006.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

---

** The Honorable David R. Hansen, United States Circuit Judge for the Eighth Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Antonio Vasquez–Villanueva appeals his sentence of 12 months and one day followed by 3 years of supervised imposed following a guilty-plea conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vasquez contends that the district court exceeded the statutory maximum term of supervised release because his prior conviction for possession of a controlled substance in violation of California Health and Safety Code § 11377(a) was not an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). Section 11377(a) is a "wobbler" statute that imposes alternative maximum penalties: transgressors "shall be punished by imprisonment in a county jail for a period of not more than one year or in the state prison." Vasquez alleges that after he violated his probation, the state court converted his § 11377 felony offense into a misdemeanor by "revoking" probation and imposing a ninety-day sentence in county jail. *See* Cal Penal Code § 17(b)(1); *Ferreira v. Ashcroft*, 382 F.3d 1045, 1051 (9th Cir.2004).

The record shows, however, that the state court suspended Vasquez's sentence and "modified" the term of probation so that it terminates upon his completion of additional time in county jail. Although the state court required jail time as a condition of probation, it never subjected Vasquez to a judgment imposing punishment. Consequently, California Penal Code § 17(b)(1) does not render Vasquez's prior conviction a misdemeanor. *Cf. Garcia-Lopez v. Ashcroft*, 344 F.3d 840, 842, 844–45 (9th Cir.2003) (§ 17(b)(1) inapplicable where "the state court suspended the pro-

ceedings and ordered probation for a period of three years, the first 180 days of which were to be spent in county jail"); *United States v. Robinson*, 967 F.2d 287, 292–93 (9th Cir.1992) (§ 17(b)(1) inapplicable where the state court "suspended the imposition of sentence and placed [defendant] on three years probation, subject to serving the first nine months in Jail").

Vasquez also raises an *Apprendi* challenge to the 3–year term of supervised release because the prior conviction was not charged in the information. This contention is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

