**Everardo Hernandez RUIZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–76659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Dec. 27, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Everardo Hernandez Ruiz, San Diego, CA, pro se.

Jonathan G. Cedarbaum, Esq., Wilmer Cutler Pickering Hale & Dorr, LLP, Washington, DC, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., Kathryn L. Deangelis, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM **

Everardo Hernandez–Ruiz ("Ruiz"), a lawful permanent resident ("LPR") of the United States, appeals from the immigration judge's ("IJ") determination that he is subject to removal under 8 U.S.C. § 1182(a)(2)(A) as an alien convicted of a crime of moral turpitude. He contends the IJ erred in (1) holding that 8 U.S.C. § 1101 required him to treat Ruiz as an alien seeking admission subject to § 1182, (2) admitting a rap sheet as evidence of Ruiz's conviction, (3) determining there was sufficient evidence of a conviction and (4) finding that § 1182's petty offense exception did not apply. Claiming he did not understand the nature of the proceedings and the consequences of its outcome, Ruiz also argues the IJ's behavior violated his statutory, regulatory and due process rights in light of this lack of comprehension.

The BIA summarily affirmed the IJ's decision, which we now review as the agency's final determination. *See* 8 C.F.R. § 1003.1(e)(4)(ii); *Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1057 (9th Cir. 2006). We grant Ruiz's petition regarding the IJ's analysis of the petty offense exception and remand to the agency for reconsideration in light of this holding. We affirm the IJ's decision on all other grounds.

1. *Jurisdiction.* We do not have jurisdiction over Ruiz's claims that the IJ erred in both admitting a rap sheet as evidence of his conviction and determining there was sufficient evidence of a conviction. "Even construed broadly," Ruiz's appeal to the BIA did not exhaust these claims. *Barron v. Ashcroft,* 358 F.3d 674, 676 (9th Cir.2004); *see* 8 U.S.C.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252(d)(1). We have jurisdiction over Ruiz's remaining claims, which pose constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam). With regard to his due process and petty offense exception claims, Ruiz's appeal to the BIA satisfies this court's liberal exhaustion standard for pro se appellants. *See Agyeman v. INS,* 296 F.3d 871, 877–78 (9th Cir.2002). Even though Ruiz failed to argue below that he should not be treated as an alien seeking admission subject to § 1182, the BIA has expressly held that a LPR convicted of a crime of a moral turpitude should be categorized in this manner in *In Re Collado–Munoz,* 21 I. & N. Dec. 1061, 1064 (BIA 1998), so "such recourse would be futile and is not required" when "the agency's position on the question at issue appears already set." *El Rescate Legal Services, Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 747 (9th Cir.1991) (quotation marks and internal citations omitted).

2. *Petty offense exception.* Ruiz argues the IJ incorrectly found him ineligible for the petty offense exception, which excludes a crime of moral turpitude as a removable offense if "the maximum penalty possible for the crime of which the alien was convicted [ ] d[oes] not exceed imprisonment for one year, and ... the alien [is] not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii). Limiting our analysis solely to the grounds on which the IJ based his decision, we grant Ruiz's petition. *See Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004).

■ The IJ relied only on Ruiz's original sentence and his mistaken impression that the maximum sentence under Cal.Penal Code § 273.5(a) (2004) for *Ruiz's type of conviction* exceeded one year, even though Ruiz was originally sentenced to six months in jail and 36 months of probation. Critically, § 273.5(a) is a wobbler offense that is punishable as either a felony or a misdemeanor. *See People v. Jackson,* 77 Cal.App.4th 574, 576, 91 Cal. Rptr.2d 805 (Cal.Ct.App.2000). A wobbler offense is classified as a misdemeanor "for all purposes ... [a]fter a judgment imposing a punishment other than imprisonment in the state prison." Cal.Penal Code § 17(b)(1) (1998). "Under California law, the maximum penalty for a misdemeanor is six months' imprisonment." *Ferreira v. Ashcroft,* 382 F.3d 1045, 1051 (9th Cir. 2004). "In no case shall any person sentenced to confinement in a county or city jail ... on conviction of a misdemeanor ... or for any reason except upon conviction of more than one offense when consecutive sentences have been imposed, be committed for a period in excess of one year." Cal.Penal Code § 19.2 (1989). Thus, Ruiz's original sentence converted his offense into a misdemeanor for all purposes such that the maximum sentence could not have exceeded one year of imprisonment. Given this legal status of Ruiz's conviction, the IJ should have found that Ruiz was eligible for a petty offense exception. We do not consider the government's other arguments as to why Ruiz could have been found unqualified for the exception, because we "cannot uphold the decision of the BIA ... on a theory other than the one upon which it relied." *Malta–Espinoza v. Gonzales,* 478 F.3d 1080, 1082 n. 3 (9th Cir.2007).

■ 3. *Other claims.* We briefly address Ruiz's remaining claims. First, the BIA has determined that a LPR "who has committed [a crime of moral turpitude] ... [and] who departs the United States and returns, shall be regarded as seeking an admission into the United States despite his lawful permanent resident status." *Collado,* 21 I. & N. Dec. at 1064. This is a

reasonable interpretation of the relevant statutes. *See Camins v. Gonzales,* 500 F.3d 872, 879–80 (9th Cir.2007). We affirm the IJ's decision to treat Ruiz accordingly.

■ Second, the IJ fulfilled his statutory and regulatory duties by repeatedly informing Ruiz of his right to counsel and conducting a hearing on the merits. Even assuming arguendo that the IJ was obligated to conduct a competency hearing for Ruiz, a finding of incompetency during such an inquiry at most would have required the IJ to hold a hearing on the merits. *See* 8 C.F.R. § 1240.10(c). Because the IJ already conducted such a hearing, Ruiz was not prejudiced by any alleged violation. *See Kumar v. Gonzales,* 439 F.3d 520, 523 (9th Cir.2006). Moreover, a plain reading of 8 C.F.R. § 1240.4's direction that "[w]hen it is impracticable for the respondent to be present at the hearing because of mental incompetency, the attorney … shall be permitted to appear on behalf of the respondent" does not constitute a mandate that the IJ appoint such counsel.

Finally, because we grant Ruiz's petition based on our conclusion that the IJ erred in finding that the petty offense exception did not apply, we do not reach the constitutional issues raised by his due process claim. We remand to the BIA to reconsider Ruiz's petition in light of our reversal of the IJ's determination that Ruiz was not eligible for the petty offense exception.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED.**