**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA TERESITA AGUIRRE-SALAZAR, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-76843 <br><br> Agency No. A096-494-186 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

Maria Teresita Aguirre-Salazar, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA"). The BIA

found Aguirre-Salazar ineligible for cancellation of removal on account of her

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

conviction for welfare fraud under California Welfare and Institutions Code

§ 10980(c)(2). On appeal, Aguirre-Salazar argues for application of the petty

offense exception at 8 U.S.C. § 1182(a)(2)(A)(ii). We review legal determinations

regarding an alien's eligibility for cancellation of removal de novo. *Sandoval-Lua*

*v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir. 2007).

The petty offense exception is available to Aguirre-Salazar only if her

"wobbler" welfare fraud conviction is classified as a misdemeanor, rather than a

felony, under California law. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (excusing only

those crimes where the "maximum penalty possible . . . did not exceed

imprisonment for one year"); Cal. Wel. & Inst. Code § 10980(c)(2) (providing, in

the case of a felony, for a maximum penalty of three years' imprisonment). We

defer to California's classification of wobbler offenses as felonies or

misdemeanors. *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir. 2003).

An immigrant may show that state law operates to classify the offense as a

misdemeanor if (1) the state court issues a "judgment imposing a punishment other

than imprisonment in the state prison" as described in California Penal Code

§ 17(b)(1); or (2) "the court declares the offense to be a misdemeanor" as described

in California Penal Code § 17(b)(3). *Garcia-Lopez*, 334 F.3d at 844-46. A state

court has not issued a "judgment" as contemplated by § 17(b)(1) when it suspends

2

the imposition of a sentence and instead orders probation, even if serving time in the county jail is one of the conditions of probation. *United States v. Diaz-Argueta*, 564 F.3d 1047 (9th Cir. 2006); *Garcia-Lopez*, 344 F.3d at 844-45. The presumption under California law is that a wobbler is a felony until a court actually exercises discretion to convert the offense into a misdemeanor. *Diaz-Argueta*, 564 F.3d at 1049.

The minute order in Aguirre-Salazar's record makes clear that the state court suspended Aguirre-Salazar's sentence on November 30, 2004. Aguirre-Salazar therefore cannot resort to California Penal Code § 17(b)(1) to show that her conviction was converted to a misdemeanor when the court ordered probation and 120 days in the county jail on the same date. Additionally, the record does not reflect any subsequent developments in Aguirre-Salazar's criminal case that would indicate that the state courts later acted to convert the offense into a misdemeanor. Aguirre-Salazar's offense is therefore a felony under the presumption that a wobbler is a felony until otherwise converted. *See Diaz-Argueta*, 564 F.3d at 1049.

Aguirre-Salazar argues that our decision in *Ferreira v. Ashcroft*, 382 F.3d 1045 (9th Cir. 2004), compels the opposite result. We disagree. *Ferreira* is consistent with the above cited cases in recognizing that under California Penal

3

Code § 17(b)(1), a crime converts to a misdemeanor if a state court imposes a judgment other than imprisonment in the state prison. *See* 382 F.3d at 1051. *Ferreira* differs from the present case in that in *Ferreira* the sentence was not suspended. *See id.* at 1051. *Ferreira* concluded that because the state had, five years earlier, "sentenced" the petitioner "to four months in the county jail and three years' probation," a misdemeanor judgment had been imposed. *Id.* at 1048. In this case, however, the record is clear that at the time of Aguirre-Salazar's immigration hearing in 2005, the state court had suspended Aguirre-Salazar's sentence in 2004, and the conviction was never converted to a misdemeanor.

The petition for review is **DENIED**.

FILED

AUG 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Aguirre-Salazar v. Holder*, Case No. 05-76843
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.