**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50580 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-01927-JAH-1 |
| v. | |
| JUAN RAMIREZ, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

Juan Ramirez appeals the district court's sentence of imprisonment upon

revocation of a supervised release. We affirm. Because the parties are familiar

with the factual and procedural history of the case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior District Judge for the Northern
District of Ohio, sitting by designation.

I

To analyze Ramirez's claim that the district court committed procedural error in imposing his 21-month sentence, we employ a two-part review. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If we determine that a sentence resulted from an incorrect application of the Sentencing Guidelines, and that this incorrect application was not harmless, we remand the sentence to the district court for further sentencing proceedings. 18 U.S.C. § 3742(f)(1); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). If we find no procedural error, then we continue to step two, considering "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Grissom*, 525 F.3d at 696. Sentences imposed upon revocation of supervised release receive the same reasonableness review. *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007).

Assuming, without deciding, that the district court committed procedural sentencing error, we conclude that the error was harmless. After revoking Ramirez's supervised release, the district court imposed a 21-month prison sentence on the basis of a Grade B violation. Under the Sentencing Guidelines, a

"Grade B" violation is any conduct constituting an offense that is punishable by a term of imprisonment exceeding one year, but not enumerated as a "Grade A" violation. U.S.S.G. § 7B1.1(a)(2). Conversely, any conduct constituting an offense punishable by up to one year imprisonment is a "Grade C" violation. § 7B1.1(a)(3). Here, Ramirez violated the terms of his supervised release when he was twice convicted under California Health and Safety Code § 11377(a) for the possession of a controlled substance. Because § 11377(a) is a "wobbler offense" – punishable by a term in county jail up to one year *or* by a term in state prison exceeding one year – the conviction record before the district court did not categorically resolve whether Ramirez's offenses constituted a Grade B or a Grade C violation.

A state court's treatment of a wobbler offense controls a defendant's conviction status for the purposes of certain federal statutes. *See, e.g.*, *United States v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006); *Ferreira v. Ashcroft*, 382 F.3d 1045 (9th Cir. 2004). Under California law, wobbler offenses are treated as "misdemeanor[s] for all purposes" when a state court judgment results in "a punishment other than imprisonment in the state prison." Cal. Penal Code § 17(b)(1); *see also People v. Superior Court (Alvarez)*, 928 P.2d 1171, 1177-78 (Cal. 1997). Thus, it is arguable that Ramirez's one-year jail sentence transformed

3

his felony charge into a misdemeanor for the purpose of sentencing under the Guidelines. *See, e.g.*, *Alvarez*, 928 P.2d at 1177-78. However, we have also held that an offense remains a felony for all purposes when, following a defendant's guilty plea, the district court "suspends the pronouncement of judgment or imposition of a sentence and grants probation." *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049 (9th Cir. 2009).

To provide additional information as to Ramirez's conviction status, the government made a motion to supplement the record on appeal. Generally, we deny such motions to supplement the record on appeal. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (declining government's motion to consider material outside the district court record because facts subject to reasonable dispute were presented for first time on appeal). However, in this instance, defense counsel consented to consideration of the supplemental material. Our consideration of the government's documents is also in the interest of justice. Ramirez is scheduled to be released in the next several months, and it is doubtful that a remand would permit full consideration of the issue prior to his scheduled release. Therefore, under these circumstances, the government's motion is granted.

The information provided in the supplemental material indicates that Ramirez received a suspended sentence, bringing him within the rule of *Diaz-*

*Argueta*. *See* 564 F.3d at 1049. Defense counsel points out that California state courts may have a different interpretation of the effect of California law than the interpretation given in *Diaz-Argueta*. *See People v. Glee*, 97 Cal. Rptr. 2d 847, 852 (Cal. Ct. App. 2000). However, *Glee* is not an intervening development in case law. Thus, absent en banc review, *Diaz-Argueta* controls our decision. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc). Applying *Diaz-Argueta* to the supplemented record, we conclude that any procedural error made by the district court on the record before it was harmless.

II

In order to preserve the issue should a change in law arise, Ramirez also asserts that the statutory provision, 18 U.S.C. § 3583(e)(3), under which the district court revoked his supervised release and imposed a term of imprisonment is unconstitutional. Defendant concedes, however, that this argument is foreclosed under current law. *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008); *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224-25 (9th Cir. 2006), *cert. denied,* 549 U.S. 1014 (2006).

**AFFIRMED.**