Opinion by Judge GRABER; Dissent by Judge IKUTA.
OPINION
GRABER, Circuit Judge:
Petitioner Ruben Adolfo Cerón pleaded nolo contendere in California state court to assault with a deadly weapon, in violation of California Penal Code section 245(a)(1). The state court sentenced Petitioner to 364 days to be served in county jail, but it suspended that sentence and imposed probation instead. The Board of Immigration Appeals (“BIA”) held that Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)® for having committed a crime involving moral turpitude for which a sentence of at least one year’s imprisonment could have been imposed. Reviewing questions of law de novo, Blanco v. Mukasey, 518 F.3d 714, 718 (9th Cir.2008), we deny the petition for review.
First, California Penal Code section 245(a)(1) is categorically a “crime involving *428 moral turpitude.” 8 U.S.C. § 1227(a) (2) (A) (i) (I). We held long ago that assault with a deadly weapon under California Penal Code section 245 is a crime involving moral turpitude. Gonzales v. Barber, 207 F.2d 398, 400 (9th Cir.1953) (construing an earlier, but substantially similar version of section 245), aff'd on other grounds, 347 U.S. 637, 74 S.Ct. 822, 98 L.Ed. 1009 (1954). That decision accorded with a long-standing BIA interpretation. In re G-R-, 2 I. & N. Dec. 733 (B.I.A.1946); see also In re Sanudo, 23 I. & N. Dec. 968, 971 (B.I.A.2006) (reaffirming that “assault and battery with a deadly weapon has long been deemed a crime involving moral turpitude by both this Board and the Federal courts” (citing Barber, 207 F.2d at 400)).
In Carr v. INS, 86 F.3d 949, 951 (9th Cir.1996), we wrote that California Penal Code section 245(a)(2), assault with a firearm, “is not a crime of moral turpitude.” We leave for another day the government’s argument that Carr’s statement is dictum. See Barapind v. Enomoto, 400 F.3d 744, 750-51 (9th Cir.2005) (en banc) (per cu-riam) (defining dictum). Even assuming that Carr’s statement is a holding, it has no effect here: Carr concerned California Penal Code section 245(a)(2), assault with a firearm, whereas here we deal with California Penal Code section 245(a)(1), assault with a deadly weapon. Nothing in Carr suggests that it intended to overrule Barber. Nor could Carr have overruled Barber in the absence of an intervening change in law. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir.2003) (en banc) (describing the limits of a three-judge panel’s authority).[1]
In later cases, we have cited Carr’s statement in passing. Complicating matters, although Carr plainly concerned assault with a firearm, some of our later cases have mischaracterized Carr’s holding as concerning assault with a deadly weapon. See Castrijon-Garcia v. Holder, 704 F.3d 1205, 1212 (9th Cir.2013) (“‘Indeed, we have determined, for example, that ... assault with a deadly weapon, [Carr, 86 F.3d at 951,] do[es] not involve moral turpitude.’ ” (citation omitted) (quoting Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1074-75 (9th Cir.2007) (en banc) (Reinhardt, J., concurring for the majority))); Robles-Urrea v. Holder, 678 F.3d 702, 708 (9th Cir.2012) (same); Nicanor-Romero v. Mukasey, 523 F.3d 992, 1018 n. 6 (9th Cir.2008) (“[A]ssault with a deadly weapon does not constitute [a crime involving moral turpitude].” (citing Carr, 86 F.3d at 950-51)); Marmolejo-Campos v. Gonzales, 503 F.3d 922, 927 (9th Cir.2007) (Nelson, D.W., J., dissenting) (“[A]ssault with a deadly weapon [and other crimes] have all been found not to involve moral turpitude.” (citing Carr with the parenthetical “assault with a deadly weapon”)). Those erroneous passing descriptions of Carr’s statement are dicta; they cannot and do not overrule Barber. Barapind, 400 F.3d at 750-51; see Ruff v. Sullivan, 907 F.2d 915, 918 (9th Cir.1990) (“This panel is not bound by dicta from prior cases.... ” (internal quotation marks omitted)). The issue whether assault with a deadly weapon under California Penal Code section 245(a)(1) is a crime involving moral turpitude plainly was not an “issue presented for review.” Barapind, 400 F.3d at 750. Neither Carr *429 nor our later cases purported to consider — let alone overrule — our decision in Barber. Barber remains good law.[2]
Nor are we persuaded by Petitioner’s arguments concerning mens rea and the extent of the injury. Under California law, “[ajssault is ... a general intent crime ... [and] mere recklessness or criminal negligence is ... not enough” to sustain a conviction. People v. Williams, 26 Cal.4th 779, 111 Cal.Rptr.2d 114, 29 P.3d 197, 203 (2001) (citations omitted). Moreover, Petitioner glosses over the fact that section 245(a)(1) does not concern simple assault; it prohibits assault with a deadly weapon. As the BIA has recognized, that fact is an “aggravating factor.” In re Solon, 24 I. & N. Dec. 239, 245 (B.I.A.2007). “Although as a general rule, a simple assault and battery offense does not involve moral turpitude, an aggravating factor can alter our determination.” In re Sejas, 24 I. & N. Dec. 236, 237 (B.I.A.2007); see Solon, 24 I. & N. Dec. at 245 (“[T]he presence of an aggravating factor can be important in determining whether a particular assault amounts to a crime involving moral turpitude.”). “The ‘aggravating dimensions’ recognized as sufficiently increasing the culpability of an assault to turn an assault into a [crime involving moral turpitude] have been the use of a deadly weapon.... ” Uppal v. Holder, 605 F.3d 712, 717 (9th Cir.2010) (citing In re Medina, 15 I. & N. Dec. 611 (B.I.A.1976)); In re Sanudo, 23 I. & N. Dec. at 971 (reaffirming that “assault and battery with a deadly weapon has long been deemed a crime involving moral turpitude by both this Board and the Federal courts” (citing Barber, 207 F.2d at 400)).
In sum, we conclude that our holding in Barber — that assault with a deadly weapon under California Penal Code section 245(a)(1) is a crime involving moral turpitude — remains good law.
Second, Petitioner’s conviction under California Penal Code section 245(a)(1) is a conviction for a “crime for which a sentence of one year or longer may be imposed.” 8 U.S.C. § 1227(a)(2)(A)(i)(II). A person convicted of violating section 245(a)(1) “shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.”
At first glance, it seems clear that Petitioner committed a crime for which a sentence of one year or longer could have *430 been imposed. Indeed, under the statutory text, he could have received up to four years in state prison. But we have rejected that analysis, for reasons that require some explanation.
In California, “[a] felony is a crime that is punishable with death, by imprisonment in the state prison, or ... by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.” Cal.Penal Code § 17(a). “Every other crime ... is a misdemeanor....” Id. Some crimes, however, are punishable by both felony-type punishments and non-felony-type punishments — for example, by imprisonment in state prison (felony-type punishment) and by imprisonment in county jail (non-felony-type punishment). Those crimes are known as “wobblers.” See generally Ewing v. California, 538 U.S. 11, 16-17, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (describing “wobblers”).
For wobblers, California Penal Code section 17(b) describes a number of circumstances in which the wobbler “is a misdemeanor for all purposes.” Relevant here, that section states:
When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.
(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemean- or.
Cal.Penal Code § 17(b).
In Garcia-Lopez v. Ashcroft, 334 F.3d 840, 842 (9th Cir.2003), the petitioner had pleaded guilty to having violated California Penal Code section 487.2 (1992). That crime “is punishable by ‘imprisonment in a county jail not exceeding one year or in the state prison.’” Id. at 844 (quoting CaLPenal Code § 489(b) (1992)). The state court had suspended the proceedings and ordered the petitioner to serve probation. Id. at 842. The state court later designated the petitioner’s offense a misdemeanor and dismissed the charges. Id.
The relevant federal question in Garcia-Lopez was whether the “maximum penalty possible” exceeded one year. Id. at 843. We began our analysis by recognizing that section 487.2 is a “wobbler” under California law. Id. at 844. We next looked to California Penal Code section 17(b)’s list of circumstances in which a wobbler is considered a misdemeanor “for all purposes.” Id. We held that, because the court suspended the sentence and imposed only probation, section 17(b)(1) did not apply. Id. at 844-45. But we then held that, because the court declared the offense to be a misdemeanor, section 17(b)(3) did apply, and the petitioner’s conviction was a “misdemeanor for all purposes.” Id. at 845-46.
At that point in the analysis, we could have concluded that the maximum penalty possible was one year, because the applicable statutory section specified that imprisonment in county jail (the non-felony-type punishment) was limited to one year. Because the federal inquiry was whether the maximum penalty exceeded one year, the analysis would have been complete. In a step that had no consequence to that case, but that has much consequence to this one, *431 we wrote: “Because the offense of which he was convicted was a misdemeanor, Garcia-Lopez’s maximum possible penalty under California law was less than six months. See Cal.Penal Code § 19 (West 1992).” Garcia-Lopez, 334 F.3d at 846.
In Ferreira v. Ashcroft, 382 F.3d 1045, 1048 (9th Cir.2004), the petitioner had pleaded guilty to violating California Health & Safety Code section 11377(a) (1998). “The statute provided that offenders ‘shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison.’ ” Id. (quoting Cal. Health & Safety Code § 11377(a) (1998)). The state court had sentenced the petitioner to four months in the county jail. Id.
The relevant federal question in that case, as in Garcia-Lopez, was whether the maximum possible penalty exceeded one year. Ferreira, 382 F.3d at 1049-50. We held that, although the criminal statute was a wobbler, “[o]nce the state court sentenced [the petitioner] to a county jail term rather than a term in the state prison, the offense automatically converted from a felony into a misdemeanor for all purposes.” Id. at 1051 (citing Cal.Penal Code § 17(b)(1) and Garcia-Lopez, 334 F.3d at 844). Then, as in Garcia-Lopez, we took the unnecessary final step of holding that, “[u]nder California law, the maximum penalty for a misdemeanor is six months’ imprisonment, and [the petitioner’s] offense is therefore not an aggravated felony.” Id. (citing Garcia-Lopez, 334 F.3d at 846, with the parenthetical: “holding with regard to a ‘wobbler’ offense that ‘[b]ecause the offense of which he was convicted was a misdemeanor, Garcia-Lopez’s maximum possible penalty under California law was less than six months’ ” (alteration in original)).
In our view, we erred in Garcia-Lopez and Ferreira in that final analytical step. California Penal Code section 19 provides:
Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both.
(Emphasis added.) As its text plainly states, the provision applies only when a statute is designated a “misdemeanor” without further description of the possible penalties. See, e.g., Cal.Penal Code § 372 (“Every person who maintains or commits a public nuisance ... is guilty of a misdemeanor.”); id. § 374c (“Every person who shoots any firearm from or upon a public road or highway is guilty of a misdemean- or.”). Where a criminal statute specifies a range of punishment, however, that range controls and section 19 does not apply. See, e.g., In re Jennings, 34 Cal.4th 254, 17 Cal.Rptr.3d 645, 95 P.3d 906, 917-18 (2004) (explaining that, “[i]n general, punishment for a misdemeanor cannot exceed confinement in a county jail for up to six months [pursuant to section 19]” but that a “violation of section 25658(c) [(2004)], though not a felony, provides for a punishment greater than that prescribed for the typical misdemeanor because a violator ‘shall be punished [for amounts differing from section 19]’ ”). Because the relevant criminal statutes at issue in Garcia-Lopez and Ferreira gave specific punishments, we erred in looking to section 19’s general range.
Although that analytical step had no legal consequence in those cases, it does have legal consequence here. The federal inquiry here is whether the state statute permitted imprisonment of at least one year. 8 U.S.C. § 1227(a)(2)(A)(i)(II). California Penal Code section 245(a)(1) specifies punishment of “imprisonment in the *432 state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.” (Emphasis added.) Even assuming that Petitioner’s crime was a misdemeanor, the statute permits imprisonment “in a county jail for not exceeding one year.” Id. Because the statute permits imprisonment for one year, the one-year requirement under 8 U.S.C. § 1227(a)(2)(A)(i)(II) is met even if Petitioner’s crime was a misdemeanor.
Nevertheless, Garcia-Lopez and Fer-reira held, in circumstances indistinguishable from these, that section 19 applies. Accordingly, we must follow those cases and analyze whether Petitioner’s crime was a misdemeanor or a felony. Barapind, 400 F.3d at 750-51; Gammie, 335 F.3d at 899-900.
The minute order here designated Petitioner’s conviction as a felony. That fact is not necessarily conclusive, however. Ferreira, 382 F.3d at 1051 n. 3. If section 17(b) applies, the conviction “is automatically converted for all purposes into a misdemeanor.” Id.
Unfortunately for Petitioner, section 17(b) does not apply. Section 17(b)(1) does not apply because the state court suspended the imposition of the sentence and ordered probation instead, just as in Garcia-Lopez. See Garcia-Lopez, 334 F.3d at 844 (holding, in circumstances indistinguishable from Petitioner’s here, that “because Garcia-Lopez was never subject to a judgment imposing punishment, § 17(b)(1) is inapplicable to his case”). Nor does section 17(b)(3) apply. Unlike in Garciar-Lopez, the state court never declared Petitioner’s offense to be a misdemeanor. Id. at 845.
Because section 17(b) does not apply and because the minute order designated Petitioner’s conviction as a felony, we hold that Petitioner’s conviction was a felony. See United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992) (holding, in circumstances identical to Petitioner’s here, that “the requirements of § 17(b)(1) and (3) of the California Penal Code were not met” and, accordingly, the conviction was a felony), recognized as overruled in other part by Ortega-Mendez v. Gonzales, 450 F.3d 1010, 1019-20 (9th Cir.2006). The felony sentencing provisions of section 245(a)(1) allow for imprisonment of more than one year. Accordingly, Petitioner’s conviction under California Penal Code section 245(a)(1) is a conviction for a “crime for which a sentence of one year or longer may be imposed.” 8 U.S.C. § 1227(a)(2)(A)(i)(II).
Petition DENIED.

. Carr did not mention Barber, and it contains very little reasoning. Indeed, the only reasoning in Can is a citation to two cases and corresponding parentheticals. In our view, the cases and parentheticals do not support Can's conclusion. Nor does logic. As a three-judge panel, however, we cannot overrule Can in the absence of certain circumstances. Miller, 335 F.3d at 899-900. We need not decide whether those circumstances are present here, for the reasons described in text.

. The dissent argues that, because we mis-characterized Carr's holding in a later case, we are bound by that plain mischaracterization. We disagree for two reasons. First, as we noted in text, the issue whether assault with a deadly weapon is a crime involving moral turpitude was not "presented for review” in any of the later cases. Barapind, 400 F.3d at 750. That fact fatally undermines the dissent’s argument that we are bound by the later cases’ misstatements. See, e.g., Chen v. Mukasey, 524 F.3d 1028, 1033 (9th Cir.2008) ("Because the interplay between the two statutory provisions was not 'presented for review’ in He, we are not bound by He’s offhand observation.” (quoting Barapind, 400 F.3d at 750)); United States v. Macias-Valencia, 510 F.3d 1012, 1015 (9th Cir.2007) ("In neither case, then, was the issue we face today 'presented for review’ and decided. Accordingly, we are free to decide the issue without referring it to the court en banc.” (quoting Barapind, 400 F.3d at 750)). The dissent never addresses that key point.
Second, common sense dictates that a plain misstatement by one panel cannot bind future panels. Suppose we hold in “Smith ” that section 12 of a statute is unconstitutional. If we later accidentally invert the digits and mischaracterize our holding in “Smith " as declaring section 21 of the statute unconstitutional, that mischaracterization certainly would not bind us with respect to the constitutionality of section 21. The mere description of the holding of an earlier case is not, itself, a holding — at a minimum where, as here, the description is plainly erroneous and the issue plainly was not considered by the later cases.