FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROBERTO FRANCISCO RAMOS-PEREZ,<br><br>Defendant - Appellant. | No. 12-50219<br><br>D.C. No. 3:11-cr-03255-WQH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 9, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Roberto Ramos-Perez appeals the district court's denial of his

motion to dismiss an indictment charging him with being a previously deported

alien found in the United States, in violation of 8 U.S.C. § 1326, and for using a

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

false document to gain admission to the United States, in violation of 18 U.S.C. § 1546(a). After the court denied his motion, Defendant entered a conditional guilty plea, preserving the dismissal ruling for appeal. We affirm.

1. Defendant first argues that his deportation was invalid because his conviction for assault with a deadly weapon, in violation of section 245(a)(1) of the California Penal Code, was not a conviction for a crime of moral turpitude. Our recent decision in Ceron v. Holder, 712 F.3d 426, 427–28 (9th Cir. 2013), forecloses this argument. In Ceron, we held that this exact crime qualifies categorically as a crime involving moral turpitude.

2. Defendant also argues that he is entitled to the "petty offense" exception to inadmissibility, 8 U.S.C. § 1182(a)(2)(A)(ii)(II), for his conviction of grand theft, in violation of section 487 of the California Penal Code. This argument is unavailing because it depends on the success of Defendant's first argument. The statutory exception is available only to "an alien who committed only one crime" of moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(ii). Grand theft in violation of section 487 of the California Penal Code, like assault with a deadly weapon, is a crime of moral turpitude. Rashtabadi v. INS, 23 F.3d 1562, 1568 (9th Cir. 1994). Because Defendant was convicted of two such crimes, he is not eligible for the petty offense exception.

AFFIRMED.