NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SANTOS CRUZ, | No. 09-71655 |
| Petitioner, | Agency No. A094-227-957 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | ORDER |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2013[**]
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, Senior District
Judge.[*]

    This case is REMANDED to the Board of Immigration Appeals ("BIA") to

determine whether Petitioner's conviction qualifies as a misdemeanor under either

California Penal Code section 17(b)(1) or 17(b)(3). *See Ferreira v. Ashcroft*, 382

---

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [*]    The Honorable Wiley Y. Daniel, Senior District Judge for the U.S.
District Court for Colorado, sitting by designation.

F.3d 1045, 1051 (9th Cir. 2004) ("Once the state court sentenced [Petitioner] to a county jail term rather than a term in the state prison, the offense automatically converted from a felony into a misdemeanor for all purposes."), *overruled on other grounds by Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 842 (9th Cir. 2003) (The "state court's declaration that [Petitioner's] offense was a misdemeanor is binding on [Petitioner's] subsequent immigration proceedings[.]"), *overruled on other grounds by Ceron v. Holder*, 747 F.3d at 778.

We are also concerned about the apparent ineffectiveness of petitioner's counsel. The BIA's April 29, 2009 decision explained: "The respondent has a valid 'conviction' for immigration purposes and his planned future collateral attack upon that conviction does not operate to negate its validity until it is in fact overturned or materially amended." On July 17, 2009, within the 90 day window to reopen with the BIA, Petitioner's conviction was materially amended. The Superior Court "reduc[ed] the felony offense to a misdemeanor" under California Penal Code section 17. Petitioner's counsel, however, did not move to reopen with the BIA to submit this new evidence. Ineffective assistance of counsel can toll the deadline to file a motion to reopen. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th

Cir. 2011).  Petitioner may wish to obtain new counsel.[1]  Alternatively, the BIA might consider appointment of pro bono counsel.

Petitioner's removal is STAYED pending the resolution of his appeal.  The panel retains jurisdiction over subsequent appeals in this case.

Petitioner's counsel is ordered to serve Mr. Cruz a copy of this order at his last known address.

**LIMITED REMAND**

---

[1] Organizations such as the following may be able to provide pro bono legal counsel: The Central American Resource Center (CARECEN), (213) 385-7800 ext.171, 2845 West 7th Street, Los Angeles, CA 90005, www.carecen-la.org; Legal Aid Foundation of Los Angeles (LAFLA), (800) 399-4529, 5228 Whittier Blvd., Los Angeles, CA 90022, www.lafla.org.