**UNITED STATES of America,**
**Plaintiff and Appellee,**

v.

**James B. PACKARD, Defendant and Appellant.**

**No. 12516.**

United States District Court
N. D. California, N. D.

Feb. 7, 1964.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff and appellee.

Bernheim, Sugarman & Gilbert and Loren E. Straughn, Richmond, Cal., for defendant and appellant.

HALBERT, District Judge.

Defendant has taken this appeal, pursuant to the provisions of Title 18 U.S.C: § 3402, from a judgment of the United States Commissioner convicting him of violation of Title 18 U.S.C. § 1382 (re-entering a naval reservation after having been ordered not to re-enter by the Commander thereof). Specifically, defendant's arrest was the result of his continued acts of soliciting business from door to door in the North Housing and Guadalcanal Village areas of Mare Island after having his privilege of conducting business in those areas revoked by the Commander for previous activity of the same nature.

The role of this Court in reviewing the judgment of the Commissioner is prescribed by Rule 4(6) of the Rules of Procedure for Trials Before Commissioners (311 U.S. 733), the pertinent portion of which reads as follows:

"The defendant shall not be entitled to a trial de novo in the District Court and the decision of the Commissioner upon questions of fact shall not be reexamined by the District Court. Only errors of law apparent from the record as certified by the Commissioner shall be considered by the court."

■ The sole question presented in this appeal is whether the Government has sufficiently proved the requisite ownership or possession by the United States of the property in question.

Defendant relies upon United States v. Watson, D.C., 80 F.Supp. 649, wherein the Court said at page 651:

"Without proof of the requisite ownership or possession of the United States, the crime has not been made out.

"The Court is of the opinion that the United States must show an absolute ownership, or an exclusive right to the possession, of the road, in order to enforce the commandant's interdiction of the defendant."

This Court is of the view that the Government has sustained its burden of establishing the requisite ownership or possession by the United States. The record shows that on cross-examination Mr. W. A. Amick, Chief of Detectives, Mare Island Naval Shipyard, testified that the areas in question, although outside the perimeter fence, are within the perimeter area of the reservation; that the areas are patrolled by the Military Police of Mare Island; that there are signs at the entrance to the areas; and that the areas are United States property and no peddling or soliciting is allowed.

United States v. Watson, supra, is readily distinguishable from the instant case. In that case, the Court pointed out that the town of Quantico was completely cut off from access to U. S. Highway No. 1 and the rest of Virginia but for the road there in question, which had originally been a public or county road. From this fact and others relating to the history of the acquisition by the United States of the reservation, the Court inferred that it was not the intent of the United States to destroy all right of passage over the road except by the United States or its leave. Rather, the Court concluded that the United States took the property subject to the public thoroughfare, or at least subject to a right of ingress and egress in favor of the property situated in Quantico. No facts appear in the record in the instant case to call for a comparable inference. Moreover, the defendant's conduct in Watson consisted merely of his use of the highway; here, defendant was using not merely the highway but the housing area itself.

It is, therefore, ordered that the judgment appealed from be, and the same is, hereby affirmed.