**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

SALVADOR MACIAS-VALENCIA,
   *Defendant-Appellant.*

No. 06-10711

D.C. No.
CR-06-00010-RMW

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted October 19, 2007*
San Francisco, California

Filed December 5, 2007

Before: Robert R. Beezer, Stephen S. Trott, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

**COUNSEL**

Rommel Bondoc, San Francisco, California, for the defendant-appellant.

John N. Glang, Assistant United States Attorney, San Jose, California, for the plaintiff-appellee.

**OPINION**

GRABER, Circuit Judge:

Does the mandatory minimum sentence of 10 years, prescribed by 21 U.S.C. § 841(b)(1)(A)(viii), apply to a conviction for conspiracy with intent to distribute, and attempted possession with intent to distribute, 50 grams or more of methamphetamine, even when no actual contraband was involved in the commission of the offense? Joining the Sixth Circuit, we answer "yes."

The facts are not in dispute. Drug Enforcement Administration ("DEA") agents arrested Defendant Salvador Macias-Valencia and his brother as part of a reverse sting operation. "Reverse sting" refers to the sale or purported sale of drugs or other contraband by a government agent to the target of an investigation. *United States v. Franco*, 484 F.3d 347, 349 n.1 (6th Cir. 2007).

During the operation, Defendant agreed to buy two pounds of methamphetamine from an undercover DEA agent. The purchase was to occur in two transactions of one pound each, so that Defendant could sell the first pound of methamphetamine before buying the second. Agents arrested Defendant and his brother after they arrived at the prearranged meeting place with more than $4,600 in cash and contacted the undercover DEA agent to complete the first transaction. No methamphetamine was present during the investigation or arrest.

A grand jury indicted Defendant on two counts: (1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, he "did knowingly and intentionally conspire with other persons . . . to possess with intent to distribute . . . 50 grams or more of methamphetamine"; and (2) in violation of the same statutes, he "did knowingly and intentionally attempt to possess with intent to distribute . . . 50 grams or more of methamphetamine." Defendant pleaded guilty to both counts.

During the plea hearing, and in connection with his sentencing, Defendant argued that the statutory minimum sentence should not apply because no actual contraband was involved in the commission of the offenses. The district court rejected that theory and sentenced Defendant to two concurrent 120-month sentences, one for each offense. The court stated that, in the absence of the statutory requirement, the court might have selected a lesser sentence under the Sentencing Guidelines. Defendant brings this timely appeal, again challenging the applicability of the mandatory minimum sentence. We review de novo this question of statutory interpretation, *United States v. Valencia-Roldan*, 893 F.2d 1080, 1082 (9th Cir. 1990), and affirm.

[1] We begin with the established proposition that a conviction under § 846 "carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841." *United States v.*

*Dabdoub-Canez*, 961 F.2d 836, 838 (9th Cir. 1992) (per curiam). But a conviction of the substantive offense requires proof that a defendant knowingly possessed a controlled substance and that the defendant had the intention to distribute that controlled substance. 21 U.S.C. § 841(a); *United States v. Lopez*, 477 F.3d 1110, 1113 (9th Cir.), *cert. denied*, 128 S. Ct. 131 (2007). Defendant reasons from the intersection of those two principles that the mandatory minimum sentence that otherwise might be triggered for an offense under § 846 cannot apply to him because there was, in fact, no methamphetamine for him to possess or distribute. Even though he admits that he properly stands convicted of the crimes of conspiracy and attempt, he asserts that imposition of the mandatory minimum sentence requires an additional element: the involvement of actual contraband.

An analysis of the statutes fails to bear out Defendant's thesis. *See United States v. Buckland*, 289 F.3d 558, 564-65 (9th Cir. 2002) (en banc) (stating that the starting point for interpreting a statute is its text). Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The object of the attempt and conspiracy in this case was the commission of the substantive offense defined in 21 U.S.C. § 841(a)(1), which makes it "unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance." The penalties for violating § 841(a)(1) depend on the type and quantity of the controlled substance. Section 841(b)(1)(A)(viii) requires:

> [A]ny person who violates subsection (a) . . . shall be sentenced as follows:

(1)(A) In the case of a violation . . . involving—

. . . .

(viii) 50 grams or more of methamphetamine . . . ;

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .

**[2]** The statutory text is clear. The same penalty that Congress has prescribed for a substantive controlled substance offense applies to any attempt or conspiracy to accomplish that offense. By definition, conspiracy and attempt are inchoate crimes that do not require completion of the criminal objective. *See United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987) (explaining the elements of a conspiracy); *United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006) (discussing the elements of an attempt).

The legislative history accords completely with the text. *See Buckland*, 289 F.3d at 564-65 (holding that unambiguous text must be respected in the absence of clearly expressed and contrary legislative intent). In 1980, the Supreme Court examined an earlier version of § 846 that included different wording. *Bifulco v. United States*, 447 U.S. 381, 398 (1980). The Court held that a sentence under the earlier version had exceeded the statutory maximum because the statute limited the *maximum* permissible sentence under § 846 to the mandatory *minimum* sentence in § 841(b). *Bifulco*, 447 U.S. at 400; *cf. United States v. Maree*, 934 F.2d 196, 200-01 (9th Cir. 1991) (holding that the former version of § 846 imposed no statutory minimum), *abrogated on other grounds by United States v. Adams*, 432 F.3d 1092 (9th Cir. 2006). The Court invited Congress to amend the law if it did not intend that result. *Bifulco*, 447 U.S. at 401.

In 1988, Congress did amend § 846 to ensure that the penalties thereunder would be identical to the penalties for parallel substantive offenses under § 841(a). The Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 6470(a), 102 Stat. 4181, 4377. Following the 1988 amendment, the Seventh Circuit explained, "congressional intent is now clear: '[A]ny penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense.' " *United States v. McNeese*, 901 F.2d 585, 602 n.6 (7th Cir. 1990) (alterations in original) (quoting 134 Cong. Rec. S17,366 (daily ed. Nov. 10, 1988)), *overruled on other grounds by United States v. Nance*, 236 F.3d 820 (7th Cir. 2000); *see also Dabdoub-Canez*, 961 F.2d at 838 (holding that, after the 1988 amendment, the sentence for an offense under § 846 matches the sentence for a corresponding offense under § 841(a)).

The Sixth Circuit has faced a situation like the one that we consider here. It upheld a mandatory minimum sentence under § 841(a) following a conviction under § 846 even though no actual contraband was involved in the offense. *United States v. Kottmyer*, 961 F.2d 569, 574 (6th Cir. 1992).

Kottmyer stood convicted of both attempt and conspiracy to possess cocaine with intent to distribute. *Id.* at 571. A government agent brought two kilograms of pure baking soda to the meeting that led to Kottmyer's arrest. *Id.* Kottmyer argued that he was not subject to the mandatory minimum sentence because, had the transaction continued, he would have taken delivery of a legal substance, baking soda. *Id.* at 574. The Sixth Circuit disagreed and held that the statutory minimum sentence applied. Had Kottmyer taken delivery of the baking soda, he still would have been guilty of conspiracy and attempt. *Id.* "Therefore, it does not matter whether the packages . . . contained pure cocaine, pure baking soda, a mixture, *or whether they even existed at all*." *Id.* (emphasis added). We agree with the Sixth Circuit.[1]

---

[1]We also note the odd result that Defendant's argument would have. In a reverse sting, government agents would have to possess and be prepared

**[3]** In support of their respective positions, the parties rely on dueling dicta from our court. *See Barapind v. Enomoto*, 400 F.3d 744, 750-51 (9th Cir. 2005) (en banc) (per curiam) (describing the concept of dictum and holding that an issue was not dictum because it had been "presented for review" and decided). But we have not previously addressed the issue whether a mandatory minimum sentence under § 841(b) applies to a conviction under § 846 in the absence of actual contraband.

Defendant points to a comment in *United States v. Steward*, 16 F.3d 317, 322 (9th Cir. 1994), which expressed sympathy for a potential argument like his. But the district court had not imposed a mandatory minimum sentence on Steward; instead, it had used only the Sentencing Guidelines. *Id.* So the validity of such a minimum was not, and could not have been, an issue on review. Indeed, our use of the subjunctive, "we would agree," in nodding to Steward's argument suggests that we knew that we were not addressing, and that we could not address, Steward's claim that the mandatory minimum should not apply.

The government's argument that *United States v. Myers*, 993 F.2d 713 (9th Cir. 1993), controls must fail for the same reason. Myers claimed that the district court improperly imposed a 10-year minimum sentence under § 841(b) but, in fact, the district court utilized only the Sentencing Guidelines. We explained that the statutory minimum "does not appear to have had any effect" on the sentence imposed. *Id.* at 715. Clearly, any passing remark about a sentence *not imposed* was dictum.

---

to deliver actual contraband in order to trigger the mandatory minimum sentence, even though such possession is not required to obtain a conviction for conspiracy or attempt. We do not believe that Congress intended that consequence.

**[4]** In neither case, then, was the issue we face today "presented for review" and decided. *Barapind*, 400 F.3d at 750-51. Accordingly, we are free to decide the issue without referring it to the court en banc. *See Robbins v. Carey*, 481 F.3d 1143, 1149 n.3 (9th Cir. 2007) ("Ordinarily, panels cannot overrule a circuit precedent; that power is reserved to the circuit court sitting en banc.").

**[5]** In summary, Congress has dictated that a conviction for a conspiracy to distribute or an attempt to distribute a controlled substance carries the same penalty as a conviction for the distribution of the same amount of the same controlled substance. Neither a conspiracy conviction nor an attempt conviction requires the delivery, presence, or even existence of actual contraband. It follows that the district court properly imposed the mandatory minimum sentence here.

AFFIRMED.