**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

HOBERT PARKER, JR.,
　　　　　　　*Defendant-Appellant.*

No. 10-50248
(Lead Case)
No. 10-50250
No. 10-50251

D.C. No.
2:09-cr-00515-
AHM-1
D.C. No.
2:09-cr-00517-
AHM-1
D.C. No.
2:09-cr-00518-
AHM-1

OPINION

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted
March 11, 2011—Pasadena, California

Filed August 22, 2011

Before: Betty B. Fletcher, Kim McLane Wardlaw and
Brett M. Kavanaugh,* Circuit Judges.

Per Curiam Opinion

―――――――――――――――――――――――

*The Honorable Brett M. Kavanaugh, Circuit Judge for the District of
Columbia Circuit, sitting by designation.

11307

## COUNSEL

James H. Locklin, Assistant Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Michael J. Raphael, Assistant U.S. Attorney, and Mark Remy Yohalem, Assistant U.S. Attorney, Los Angeles, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Hobert Parker, Jr., appeals his misdemeanor convictions, after retrial, of three counts of violating 18 U.S.C. § 1382. He argues that his retrial violated the proscription against double jeopardy, that there was insufficient evidence to convict, and that his convictions violate his First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

We address the insufficiency of the evidence argument first. *See Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 630 (9th Cir. 1982) (courts should not pass upon a constitutional question if there is a nonconstitutional ground upon which the case may be decided). We review de novo the sufficiency of the evidence to support the conviction. *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007). There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

Parker's charges arose from his protest activities on Ocean Avenue, which is a public road that crosses the Vandenberg Air Force Base ("VAFB") in Santa Barbara County, California. On each of the three occasions charged, Parker was carry-

ing signs of protest against VAFB military police along the shoulder of Ocean Avenue. Each time, Parker was advised by military officers that he was not permitted to protest on Ocean Avenue and that the VAFB Commander had designated a protest area outside the VAFB Main Gate. Each time, Parker refused to leave or relocate. After the first two incidents, Parker was cited twice for violating section 1382 and the VAFB Commander issued a "barment" letter that barred Parker from entering VAFB for any reason for a period of three years. Several days later, Parker was cited for the third time.

[1] Section 1382 provides:

> Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or

> Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—

> Shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. § 1382.[1]

[2] We have interpreted section 1382 to require the government to prove its absolute ownership or exclusive right to the possession of the property upon which the violation

---

[1]Parker was cited twice for violating the first paragraph of section 1382, and once—after the VAFB Commander issued the bar letter—for violating the second paragraph of section 1382. This distinction is irrelevant for the purposes of this appeal.

occurred. *See United States v. Vasarajs*, 908 F.2d 443, 446-47 (9th Cir. 1990) (the government must have control, in addition to "absolute ownership, or an exclusive right to the possession" of the property in question, to preserve the right to exclude others pursuant to section 1382); *United States v. Mowat*, 582 F.2d 1194, 1206 (9th Cir. 1978) (accepting, in light of precedent, the parties' stipulation that the government "was required to prove, as an element of the offense, absolute ownership or the exclusive right to the possession of the property upon which the violation occurred"), *cert. denied*, 439 U.S. 967 (1978); *United States v. Douglass*, 579 F.2d 545, 547-48 (9th Cir. 1978) (holding that "[m]ere toleration of certain uses by the public designed for their convenience does not result in the loss of the right to exclusive use" and that the requisite "ownership and possession of the area to enable [the United States] to exclude the appellant" had been established); *United States v. Packard*, 236 F. Supp. 585, 586 (N.D. Cal. 1964) (holding that the government met its burden of establishing "absolute ownership, or an exclusive right to the possession, of the road"), *aff'd*, 339 F.2d 887 (9th Cir. 1964) (affirming "for the reasons stated in the opinion of the trial court.").[2]

---

[2]Our position is consistent with that of several other courts and the U.S. Attorney's Manual. *See*, *e.g.*, *United States v. Allen*, 924 F.2d 29, 31 (2d Cir. 1991) ("[A] naval reservation includes (1) property owned by the United States Navy and (2) property over which the United States Navy exercises dominion and control and from which it may exclude the general public.") (citing *Mowat*); *Holdridge v. United States*, 282 F.2d 302, 306-08 (8th Cir. 1960) (holding that "exclusive possession of the premises in the government has been appropriately established" where public use of roads traversing military base was extinguished in condemnation proceeding); U.S. Attorney's Manual, Title 9, Criminal Resource Manual § 1634 (2010) (citing *Holdridge* for the proposition that Section 1382 "applies to any military, naval, or coast guard reservation, post, fort, arsenal, yard, station or installation over which the United States has exclusive possession."). *But see United States v. McCoy*, 866 F.2d 826, 830 n. 4 (6th Cir. 1989) (rejecting *Mowat* and holding that "if proceedings under 18 U.S.C. § 1382 are comparable to trespass actions, centuries of legal history support the government's refusal to concede that anything more than a possessory interest had to be shown").

The government acknowledges our section 1382 authority, but challenges its precedential value. The government argues that the *Mowat* parties stipulated that section 1382 requires "absolute ownership or exclusive right of possession," *Mowat*, 582 F.2d at 1206, and contends that subsequent cases merely assumed, without squarely deciding, the same.

**[3]** The government is mistaken. While the parties in *Mowat* indeed stipulated that section 1382 requires that the government prove "absolute ownership or exclusive right of possession," we did not blindly accept that stipulation, but did so in light of Ninth and Eighth Circuit precedent. *See id.* (citing *Packard* and *Holdridge*). Moreover, at the same time *Mowat* was decided, a different panel of this court independently held that section 1382 requires ownership or exclusive right of possession. *See Douglass*, 579 F.2d at 547-48 (citing *Packard*, *Holmes*, and *Watson*). Subsequent panels have also held so independently of *Mowat*. *See Vasarajs*, 908 F.2d at 446 (citing *Holmes* and *Watson*).

**[4]** The government further argues that our cases left open the question of what kind of government control over an area within a military base is insufficient for a section 1382 prosecution, as they all upheld section 1382 convictions and did not, in fact, involve an easement. The lack of an easement, however, was an important part of the *Vasarajs* and *Douglass* panels' rationale in upholding the convictions. *See Vasarajs*, 908 F.2d at 446-47 (the government exercised actual control over area involved and defendant did not argue that either she or the public at large benefitted from an easement burdening the portion of roadway at issue, or that she or the public at large gained title to that portion of roadway through adverse possession or an implied dedication); *Douglass*, 579 F.2d at 547 (rejecting appellant's argument that the area at issue "was not a part of the base because the United States did not have the requisite ownership and possession of the area to enable it to exclude the appellant" where appellant has not challenged the title of the United States to the area, there was no

easement residing in the public with respect to this area, arising either by grant or by reservation, nor was there a relinquishment of control over the area by the base personnel).

**[5]** In conclusion, our circuit's requirement that the government prove absolute ownership or exclusive right of possession does not rest on the parties' unverified stipulation in one isolated case, but has been reaffirmed and applied by multiple panels in light of authority from this and other courts. We must therefore follow this precedent as the law of the circuit, the government's arguments that it is incorrect or imprudent notwithstanding. Only the en banc court can overturn a prior panel precedent. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1186 (9th Cir. 2003) (per curiam) ("[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense.") (internal quotations omitted); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court . . . . [A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule; it may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court.").

**[6]** The law of the circuit rule, of course, has an important exception: a panel may disagree with the circuit precedent when intervening Supreme Court decisions have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). The government cites *United States v. Albertini*, 472 U.S. 675 (1985), where the Supreme Court held that section 1382's bar against re-entry after a defendant had received a bar letter

applies during an open house, as "a person may not claim immunity from [the bar letter's] prohibition on entry merely because the military has *temporarily* opened a military facility to the public." 472 U.S. at 687 (emphasis added). *Albertini* did not address the scenario where a military base or area thereof is *permanently* open to the public by virtue of a public easement. *Albertini* and the line of Ninth Circuit cases requiring absolute ownership or exclusive right of possession are therefore not irreconcilable. *Cf. Vasarajs*, 908 F.2d at 447 (holding that *Albertini* supports the view that the government "must exercise control over its property in order to preserve the right to exclude others from it pursuant to § 1382").

**[7]** In this case, the evidence conclusively shows that Ocean Avenue had been established pursuant to a public road easement that the United States had initially granted to the State of California, which later relinquished it to the County of Santa Barbara. The road is subject to the concurrent jurisdiction of the County of Santa Barbara and VAFB, with the county exercising primary responsibility for the enforcement of criminal laws.

**[8]** In all three incidents, Parker was within the physical limits of the public road easement corresponding to Ocean Avenue, a fact which the government does not challenge. Because the government does not have an exclusive right of possession over Ocean Avenue, under this court's precedent, Parker's presence and protest activities cannot constitute violations of section 1382.

The judgment of conviction is therefore VACATED.

REVERSED.