**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10497 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01114-GMS-4 |
| v. | |
| FELIX PITA-MOTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 19, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Defendant Felix Pita-Mota appeals his criminal conviction for (1) conspiracy

to distribute and possess with intent to distribute 500 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

846; (2) distribution and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii); (3) use of a firearm in furtherance of a drug transaction, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

1. Reviewing de novo,[1] United States v. Parker, 651 F.3d 1180, 1182 (9th Cir. 2011) (per curiam), we hold that sufficient evidence supported the jury verdicts. "We engage in a two-step process when considering a defendant's challenge to the sufficiency of the evidence: we first construe the evidence in the light most favorable to the prosecution, and we then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Shetler, 665 F.3d 1150, 1163 (9th Cir. 2011) (internal quotation marks omitted).

Viewed in the light most favorable to the prosecution, we easily conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted). A rational

---

[1] The parties dispute whether "de novo" review or "plain error" review applies to our review of some of Defendant's convictions. Because we reach the same conclusion under either standard, we apply the standard more favorable to Defendant and need not resolve that dispute.

jury could have concluded that Defendant was a participant in the conspiracy and had a role of providing protection for the drug transaction. Defendant offers an alternative story that suggests innocent explanations for this behavior, but nothing required the jury to believe that version of the events.

2. Reviewing de novo whether the "prior acts" evidence falls within the scope of Federal Rule of Evidence 404(b), United States v. Flores-Blanco, 623 F.3d 912, 919 n.3 (9th Cir. 2010), we hold that the district court did not err. The four factors that guide our determination support that conclusion. See United States v. Beckman, 298 F.3d 788, 794 (9th Cir. 2002) ("Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged."). Evidence that, previously, Defendant drove a car with a hidden compartment full of drugs and a gun, with a passenger who is an alleged co-conspirator in this case, tends to disprove Defendant's argument that he just happened to be in the vicinity of the drug transaction with two guns in his car, after having dropped the same co-conspirator off at the drug house and picked up another passenger from that drug house.

3.  The district court did not abuse its discretion in declining to exclude the "prior acts" evidence under Federal Rule of Evidence 403.  See United States v. Pineda-Doval, 614 F.3d 1019, 1035 (9th Cir. 2010) ("As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, the demands of Rule 403 have been met." (internal quotation marks and ellipsis omitted)).

**AFFIRMED.**