**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

    v.

JOHN DENNIS APEL,
               *Defendant-Appellant.*

No. 11-50003

D.C. No.
2:10-cr-00830-
JFW-1

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

    v.

JOHN DENNIS APEL,
               *Defendant-Appellant.*

No. 11-50004

D.C. No.
2:10-cr-00869-
JFW-1

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

    v.

JOHN DENNIS APEL,
               *Defendant-Appellant.*

No. 11-50005

D.C. No.
2:10-cr-00831-
JFW-1

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
April 13, 2012—Pasadena, California

Filed April 25, 2012

4413

Before: Barry G. Silverman and Johnnie B. Rawlinson, Circuit Judges, and John R. Tunheim, District Judge.*

Per Curiam Opinion

---

**COUNSEL**

André Birotte Jr., Robert E. Dugdale, and Mark R. Yohalem

---

*The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

(argued), United States Attorney's Office, Los Angeles, California, for the plaintiff-appellee.

Erwin Chemerinsky, Selwyn Chu, law student (argued), and Matthew Plunkett, law student (argued), Appellate Litigation Clinic, University of California Irvine School of Law, Irvine, California, for the defendant-appellant.

## OPINION

PER CURIAM:

**[1]** Appellant John Apel, who was subject to a pre-existing order barring him from Vandenberg Air Force Base, was convicted of three counts of trespassing on the base in violation of 18 U.S.C. § 1382. After his convictions became final in district court, we decided *United States v. Parker*, 651 F.3d 1180 (9th Cir. 2011). *Parker* held that because a stretch of highway running through Vandenberg AFB is subject to an easement "granted to the State of California, which later relinquished it to the County of Santa Barbara," the federal government lacks the exclusive right of possession of the area on which the trespass allegedly occurred; therefore, a conviction under 18 U.S.C. § 1382 cannot stand, regardless of an order barring a defendant from the base. 651 F.3d at 1184.

**[2]** Although we question the correctness of *Parker*, it is binding, dispositive of this appeal, and requires that Apel's convictions be REVERSED.