**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10525 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00037-RVM-1 |
| v. | |
| ADRIAN MENDIOLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted June 13, 2013[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Appellant Adrian Mendiola appeals his jury conviction on Count I of an

indictment charging him with, *inter alia*, violation of the Endangered Species Act,

16 U.S.C. §§ 1531 *et seq*. On December 19, 2008, agents from the U.S. Fish and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wildlife Service and federal law enforcement executed a search warrant for Mendiola's residence on Rota, an island in the Commonwealth of the Northern Mariana Islands, and discovered four dead fruit bats in the bottom of a freezer ("the freezer bats"). All of the freezer bats were identified as belonging to the genus *Pteropus*, and three out of the four were of the species *Pteropus mariannus*. Fruit bats of the subspecies *Pteropus mariannus mariannus* were listed as "threatened" on Rota as of February 7, 2005. 70 Fed. Reg. 1190–91 (January 6, 2005). After a four-day trial, the jury found Mendiola guilty of Possession of a Threatened Species, in violation of 16 U.S.C. §§ 1538(a)(1)(G), 1540(b)(1), and 50 C.F.R. §§ 17.21(a), (d), 17.31(a). The district court denied Mendiola's post-trial motion for acquittal or, in the alternative, for a new trial. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mendiola argues that there was insufficient evidence to sustain his conviction because the government failed to prove that: (1) the freezer bats were of the subspecies *Pteropus mariannus mariannus*; and (2) the freezer bats were taken on or after February 7, 2005, the date they were listed as "threatened" on Rota. Mendiola also contends that reversal is warranted because the district court issued an erroneous supplemental jury instruction in response to the jury's request for clarification of the term "possessed."

2

We "review de novo the sufficiency of the evidence to support the conviction." *United States v. Parker*, 651 F.3d 1180, 1182 (9th Cir. 2011) (per curiam). "A challenge to the sufficiency of the evidence requires this court to determine if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[C]ircumstantial evidence can form a sufficient basis for conviction." *United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002).

1. Although a forensic morphologist who examined the freezer bats was only able to identify three of the bats to the species level, testimony from a local bat biologist revealed that *Pteropus mariannus mariannus* is the only subspecies of fruit bat endemic to Rota, and that other subspecies are physically incapable of flying to Rota from other islands. There was no indication that the freezer bats had been smuggled into Rota, and there was substantial evidence linking Mendiola and the freezer bats to a colony of *Pteropus mariannus mariannus* on Rota that had recently been taken by poachers. "Although the government's case consisted of largely circumstantial evidence and required the jury to make reasonable inferences," this circumstantial evidence was sufficient to support a finding beyond

3

a reasonable doubt that at least one of the freezer bats was of the subspecies *Pteropus mariannus mariannus*. *Yoshida*, 303 F.3d at 1151.

2. There was sufficient evidence for a rational factfinder to infer that the freezer bats found in Mendiola's residence belonged to the colony of *Pteropus mariannus mariannus* that had been poached approximately six weeks prior. Moreover, when the authorities discovered the freezer bats, Mendiola sighed and looked down, and subsequently admitted that he knew hunting fruit bats was illegal. From this evidence, a rational juror could conclude beyond a reasonable doubt that the freezer bats were taken after February 7, 2005.

3. We review the district court's formulation of a supplemental jury instruction for abuse of discretion. *United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir. 1987) ("Although the trial court is obliged to 'eliminate confusion when a jury asks for clarification of a particular issue,' the 'necessity, extent and character' of supplemental instructions[] lies within the discretion of the trial court." (quoting *United States v. Hayes*, 794 F.2d 1348, 1352 (9th Cir. 1986))). "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999).

We find that the district court's supplemental jury instruction, issued in response to the jury's request for clarification of the term "possessed," was not misleading in the context of the overall charge, and did not constitute an abuse of discretion. Moreover, Mendiola has not established that he was prejudiced by the district court's supplemental instruction. *See Frega*, 179 F.3d at 806 n.16 ("Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant.").

AFFIRMED.