**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10212 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00730-WHA-20 |
| v. | |
| MANUEL FRANCO, aka Dreamer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 4, 2018
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Manuel Franco appeals his conviction of conspiracy to commit a

violent crime in aid of racketeering ("VICAR"), specifically, assault with a

dangerous weapon in violation of 18 U.S.C. § 1959(a)(6). We affirm.

1. The district court did not abuse its discretion by denying further funding

for an expert in FBI practices. The court permissibly concluded that the expert's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

services were not necessary for adequate representation. See United States v. Pete, 819 F.3d 1121, 1130 (9th Cir. 2016) (reviewing the district court's denial of a request for public funds to hire an expert for abuse of discretion). Defendant argues that the expert's advice and testimony would have helped prove that Defendant lacked criminal intent because he thought that he was functioning as an informant, not as a member of MS-13. But the expert could not assist in determining, and could not testify about, what Defendant thought. See United States v. Nelson, 137 F.3d 1094, 1101 n.2 (9th Cir. 1998) (holding that the district court did not err in denying funds for an expert witness because the testimony was not relevant).

2. The district court did not abuse its discretion by excluding testimony from a "false confession" expert. See United States v. Christian, 749 F.3d 806, 810 (9th Cir. 2014) (reviewing the exclusion of expert testimony for abuse of discretion). The court permissibly balanced the probative value of the proposed testimony against its potential for unfair prejudice and permissibly excluded it under Federal Rule of Evidence 403. United States v. Anderson, 741 F.3d 938, 950 (9th Cir. 2013).

3. Reviewing de novo, United States v. Green, 592 F.3d 1057, 1065 (9th Cir. 2010), we hold that the evidence was sufficient to convict Defendant. First,

because this was a conspiracy charge, the government did not have to prove that any assault actually occurred. See United States v. Macias-Valencia, 510 F.3d 1012, 1014 (9th Cir. 2007) ("By definition, conspiracy and attempt are inchoate crimes that do not require completion of the criminal objective.").

Second, the evidence suffices under the corpus delicti rule. In just one example, the government provided extensive evidence that Defendant was involved in the October 29, 2005 shooting. See United States v. Lopez-Alvarez, 970 F.2d 583, 592 (9th Cir. 1992) (holding that the state must introduce sufficient evidence to establish that the criminal conduct at the core of the offense has occurred). Additionally, testimony corroborated some of Defendant's legally obtained confessions, demonstrating the trustworthiness of the confessions. See United States v. Niebla-Torres, 847 F.3d 1049, 1058 (9th Cir. 2017) ("[T]he same physical and circumstantial evidence that corroborates [Defendant's] confession to the core of the offense also verifies the authenticity of his confessed involvement in the conspiracy.").

Third, the evidence suffices to show that Defendant acted to maintain his position in the gang. See United States v. Banks, 514 F.3d 959, 968 (9th Cir. 2008) (holding that the government is not required "to show that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or

3

maintain or increase his status within, the criminal organization"). Gang members' testimony shows that Defendant was an active member of MS-13 and put in the "work" required to both remain a member and earn respect.

4. The district court did not abuse its discretion in declining to instruct the jury on a duress defense. United States v. Houston, 648 F.3d 806, 815 (9th Cir. 2011). Defendant did not establish an immediate threat of death or serious bodily injury and, therefore, did not make the prima facie showing necessary for a jury instruction on duress. United States v. Chi Tong Kuok, 671 F.3d 931, 948 (9th Cir. 2012).

5. The district court did not plainly err by declining to give a specific unanimity instruction. United States v. Lapier, 796 F.3d 1090, 1096 (9th Cir. 2015). The jury, in this case, had to be unanimous as to (1) the existence of a conspiracy between Defendant and fellow gang members to attack enemies of the gang with a dangerous weapon, and (2) the commission of an overt act by one of the members of the conspiracy. United States v. Ruiz, 710 F.3d 1077, 1081 (9th Cir. 2013). The jury did not have to decide which incidents made up the conspiracy, as those are "preliminary factual issues" that support the required elements. Schad v. Arizona, 501 U.S. 624, 632 (1991) (internal quotation marks omitted).

4

6.  Because there were no errors, there was no cumulative error.  See United States v. Martinez-Martinez, 369 F.3d 1076, 1090 (9th Cir. 2004) ("[T]he 'cumulative error' analysis is inapposite to this case.  Defendant has failed to demonstrate any erroneous decisions by the trial court.").

**AFFIRMED.**